IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW CALVIN COLEY,

       Plaintiff,              No. CIV S-07-0934 GEB DAD P

   vs.

D.K. SISTO, Warden, et al.,

       Defendants.     <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28 U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___,       , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

2   plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

3   (1969).

4              The Civil Rights Act under which this action was filed provides as follows:

5              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
6              deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
7              law, suit in equity, or other proper proceeding for redress.

8   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15              Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of respondeat superior and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20  allegations concerning the involvement of official personnel in civil rights violations are not

21  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22              In the present case, plaintiff has identified as defendants Warden D.K. Sisto, Dr.

23  Tan, Dr. Casin, and Dr. Traquina.

24              Plaintiff alleges that since September 2004, he has suffered from Chron's Disease.

25  Plaintiff alleges that as a result of his condition he cannot eat the food provided by the prison

26  because it causes irritation to his bowel and abdomen.  Plaintiff has requested on numerous

occasions a wholesome, nutritious, and adequate diet or a transfer to a different institution that can accommodate his dietary needs.

Plaintiff argues that food provided for the general population is not good for him and causes blood and bacteria in his stool.  He alleges that, since August 2006, he has had to self-catheterize several times a day to avoid permanent damage to his bowel and abdomen.  Plaintiff alleges that he suffers from severe pain that requires daily pain medication.  Plaintiff also alleges that defendants have known of his medical condition since his transfer to CSP-Solano is August 2006.

Plaintiff alleges that defendants have repeatedly delayed performing medical tests and providing medical treatment to him.  The medical tests that plaintiff claims are necessary include three to seven days of external neural simulation and potential surgical implantation of a neural simulator.

Plaintiff alleges that the prison's position is that defendant Casin evaluated him and instructed him to use discretion when selecting available food.  Defendant Casin also advised plaintiff to cooperate with his primary care physician and report to his scheduled appointments.

Plaintiff concludes that from September 2005 to the present, defendants have failed to provide him with meals that meet his dietary needs and medical treatment necessary for his Chron's Disease in violation of the Eighth Amendment.  Plaintiff seeks compensatory and punitive damages as well as costs of the lawsuit and any further relief the court deems proper.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his

1  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

2  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

3  amended complaint.

4          If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how

5  defendants Sisto, Tan, Casin, and Traquina's actions resulted in a deprivation of plaintiff's

6  federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

7  Plaintiff should provide the court with specific examples of when he sought medical care and

8  how defendants denied him that treatment.  There can be no liability under 42 U.S.C. § 1983

9  unless there is some affirmative link or connection between a defendant's actions and the

10  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

11  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

12  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

13  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14          Plaintiff is advised that the United States Supreme Court has determined that cruel

15  and unusual punishment involves more than negligence or lack of due care for a prisoner's

16  interests or safety.  Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 1084 (1986).  Specifically,

17  "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the

18  conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in

19  connection with establishing conditions of confinement, supplying medical needs, or restoring

20  official control over a tumultuous cellblock."  Id.

21          Plaintiff is also advised that inadequate medical care does not constitute cruel and

22  unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of

23  "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

24  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

25  civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

26  /////

1   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

2   Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

3          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order

4   to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

5   complaint be complete in itself without reference to any prior pleading.  This is because, as a

6   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

7   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10          In accordance with the above, IT IS HEREBY ORDERED that:

11          1.  Plaintiff's June 1, 2007 application to proceed in forma pauperis is granted.

12          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

13   The fee shall be collected and paid in accordance with this court's order to the Director of the

14   California Department of Corrections and Rehabilitation filed concurrently herewith.

15          3.  Plaintiff's complaint is dismissed.

16          4.  Plaintiff is granted thirty days from the date of service of this order to file an

17   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

19   docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

20   amended complaint in accordance with this order will result in a recommendation that this action

21   be dismissed without prejudice.

22   DATED: June 18, 2007.

23

24   _____

25   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

26   DAD:9
     cole0934.14a