IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW CALVIN COLEY,

    Plaintiff,　　　　　　　　　No. CIV S-07-0934 GEB DAD P

    vs.

DR. CASSIM, et al.,

    Defendants.　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On February 15, 2008, defendant Traquina moved to dismiss this action on the ground that plaintiff failed to exhaust available administrative remedies prior to bringing suit. Plaintiff has filed a timely opposition, and defendant has filed a timely reply.

**BACKGROUND**

        In his complaint, plaintiff alleges that he suffers from Crohn's Disease/Ulcerative Colitis. Plaintiff further alleges that defendant Cassim, a medical doctor at CSP-Los Angeles/Lancaster, and defendant Traquina, the Chief Medical Officer at CSP-Solano, have violated his constitutional rights under the Eighth and Fourteenth Amendments. Specifically, plaintiff alleges that Dr. Cassim has failed to provide him with a wholesome and adequate diet, and Dr. Traquina has caused delays in his medical treatment, particularly his colonoscopy, by

1

1  giving false information to prison law office officials.  Plaintiff states he experienced extreme
2  abdomen and bowel distress, infections and severe pain.  Plaintiff also notes that his medical
3  condition and delays in receiving medical care, have affected his daily activities.  Plaintiff
4  requests compensatory and punitive damages as well as further relief as the court deems proper.

**DEFENDANT'S MOTION TO DISMISS**

I. <u>Defendant's Motion</u>

Counsel for Dr. Traquina argues that the action should be dismissed because plaintiff did not file an administrative grievance claiming that Dr. Traquina denied him a colonoscopy.  (Def.'s Mot. to Dismiss at 5; Grannis Decl. at 2.)  Relying on a copy of an administrative grievance attached to plaintiff's amended complaint, numbered LAC 05-3194[1], defense counsel argues that plaintiff failed to provide Dr. Traquina fair notice of his claims. (Def.'s Mot. to Dismiss at 7.)  Counsel argues that plaintiff was required to provide sufficiently specific allegations in his grievance to allow prison officials to investigate and determine which employees were involved in the alleged misconduct.  (<u>Id.</u>)  Counsel maintains that grievance LAC 05-3194 failed to do so and served only to exhaust plaintiff's administrative remedies as to Dr. Cassim.  (<u>Id.</u>)  Accordingly, counsel asserts that the court should grant Dr. Traquina's motion to dismiss.  (<u>Id.</u> at 8.)

II. <u>Plaintiff's Opposition</u>

In opposition, plaintiff argues that he fully exhausted his claim against Dr. Traquina.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1.)  Plaintiff has attached to his opposition a copy of another administrative grievance, numbered SOL 06-03482[2]. In this second grievance at the informal level, plaintiff wrote:

---

[1] This inmate appeal form is dated September 8, 2005 and was first stamped "received" by prison officials on September 13, 2005.

[2] This inmate appeal form was dated September 8, 2006 by petitioner.  It bears three file-stamped "received" dates, one of which is illegible.  The CSP-Solano Appeals Office stamped it "received" on October 17, 2006.  Petitioner filed this civil rights action on May 17, 2007.

> **Describe Problem:** First, I inmate Coley would state as the Ninth Circuit stated in Wakefield v. Thompson, 177 F.3d 1160, 1165 deliberate indifference. . . . I have Crohn's Disease/Ulcerative Colitis for I am in a great deal of pain. I am stooling pus and blood, my medication has ran out, which is Mesalamine, it ran out on 9-3-06. Also my Prilosec has ran out. I have ask that these medication be refill . . . but they has not. I was also giving a pass to see the doctor on 9-8-06 at 10:00 A.M. The doctor refuse to see me. Sent word by the C/O to tell me that they know about my medical condition, and they will see me on 9-22-06.
>
> I explain to the C/O that I was in pain and my medications has ran out. She told me that I will have to come back on the 22 of this month. I also told her that I don't think that I could make it until then. Please let me see the doctor. But again I was refused to see the doctor. If the doctors are aware of my medical condition then they know that I am to avoid certain foods and that the Department of Corrections is committed to provide me with a diet for my disease. I have the paperwork attach to this 602 about my medical condition. This medical staff are having me to wait 1 month after gotten here from Lancaster State Prison. Before I am able to be seen by a doctor. This are standard deliberate indifference to serious medical needs in violation of the Eighth Amendment.
>
> **Action Requested:** Request the on going deliberate indifference stop. And allow me to see the doctor. And to provide me with a wholesome, nutritious, and adequate diet as require. And please give me my medication, which is Mesalamine, and Prilosec. For I am in a great deal of pain as I write this.

(Pl.'s Opp'n to Def.'s Mot. to Dismiss, Attach.)

Plaintiff argues that he pursued his appeals through each administrative level of review. Plaintiff emphasizes that with respect to grievance SOL 06-03482, Dr. Traquina reviewed and partially granted his appeal at the second level of review. (Id. at 1.) Plaintiff notes that in denying his appeal of Dr. Traquina's decision, which included plaintiff complaining that he had not received a colonoscopy since 2004 despite being diagnosed as suffering from Crohn's Disease, prison officials specifically stated that the director's level decision exhausted plaintiff's

/////
/////
/////
/////

administrative remedies. (Id. at 1-2.) Accordingly, plaintiff concludes that he has complied with the exhaustion requirement and the court should deny defendant's motion to dismiss.[3]

III. Defendant's Reply

In reply, counsel argues that administrative grievance SOL 06-03482 did not mention Dr. Traquina or make reference to plaintiff's claim that he had given false information to prison officials regarding plaintiff's colonscopy. (Def.'s Reply at 4.) Defense counsel also argues that plaintiff's appeal reflects that Dr. Traquina was not a subject of plaintiff's complaint and that Dr. Traquina merely processed plaintiff's grievance. (Id. at 4-5.) Defense counsel contends that to the extent that plaintiff asserts a claim based solely upon Dr. Traquina's involvement in reviewing plaintiff's administrative appeal, he fails to state a cognizable claim. (Id. at 7.) Defense counsel concludes that because plaintiff failed to pursue his administrative remedies before filing this action and does not allege a viable constitutional claim against Dr. Traquina, the court should grant his motion to dismiss.

IV. Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about

---

[3] The court is puzzled by defense counsel's failure to offer any analysis of administrative grievance SOL 06-03482. A copy of the California Department of Corrections and Rehabilitation's records attached to defendant's motion includes grievance SOL 06-03482 on the list of plaintiff's appeals history. Nonetheless, counsel addressed only grievance LAC 05-3194, observing that it was the only appeal attached to plaintiff's amended complaint. It is well established that plaintiff is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). It is also well established that defendant bears the burden of proving the affirmative defense of failure to exhaust administrative remedies. Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007); Wyatt, 315 F.3d at 1119.

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, ___, 126 S. Ct. 2378, 2382 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

As noted above the PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "[I]f the district court

looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[4]  Id. at 1120 n.14.  When the district court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied __ U.S. __, 127 S. Ct. 1212 (2007).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."  Jones, 127 S. Ct. at 924.

V. Discussion

In his amended complaint petitioner alleges that he has received inadequate care from the defendants since being diagnosed in August of 2004 as suffering from Crohn's Disease and related conditions.  With respect to the moving defendant, plaintiff alleges that Dr. Traquina falsely reported that plaintiff had received a colonoscopy in January of 2007, thereby further delaying necessary medical treatment.  In this regard, plaintiff has attached to his amended complaint a letter in which a litigation assistant reports that Dr. Traquina told to her that plaintiff received his colonoscopy on January 25, 2007.  Plaintiff alleges that this is not true.

In his first grievance, LAC 05-3194, plaintiff complained to prison officials that his diagnosed condition was not being properly treated because he was not being provided the diet that physicians had ordered.  As that grievance progressed through the various levels of review plaintiff began to complain that he was not being allowed to see a doctor despite ever-worsening symptoms and multiple requests to be seen.  Finally, by the end of this first grievance procedure plaintiff was complaining that when he was finally seen by a doctor he was not provided adequate medical care.  In his second grievance, SOL 06-03482, plaintiff began by

---

[4] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on December 12, 2007.  (Order filed Dec. 12, 2007 at 3-4).

complaining that prison doctors were being deliberately indifferent to his medical condition by refusing to see him, treat him or provide medication.  Plaintiff explained that he had Crohn's Disease/Ulcerative Colitis and was in a great deal of pain.  Plaintiff noted that his stool contained blood and puss and that prison officials knew of the condition but refused to provide him with the appropriate diet or care.  He concluded that prison officials were being deliberately indifferent to his medical needs in violation of the Eighth Amendment.  As he pursued this appeal to the director's level, plaintiff repeatedly complained of ongoing deliberate indifference to his condition by medical staff, finally pointing out that he had not received a colonoscopy since 2004 and continued to suffer severe pain.  Plaintiff sent a copy of his appeal to several people, including defendant Dr. Traquina.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1.)

Given this record, defense counsel's argument that plaintiff's grievances were insufficient to exhaust his administrative remedies is unpersuasive.  Since filing his initial grievance, plaintiff has continuously asserted in his appeals that he has received inadequate care for his Crohn's Disease/Ulcerative Colitis and related conditions.  Plaintiff presents the same claim in his amended complaint.  This court finds that plaintiff's allegations against the defendants named in this action are encompassed in his administrative grievance which he properly exhausted prior to filing suit.

Neither the PLRA nor CDC procedures require plaintiff to repeatedly exhaust his claim of ongoing inadequate medical care, and the court is prohibited from imposing such a requirement.  See Jones, 127 S. Ct. at 922-23.  In the present case, defense counsel's argument for repeat exhaustion of the same ongoing claim would require the court to impose on plaintiff a judicially-created rule similar to the "name-all-defendants" rule rejected by the Supreme Court.  See Jones, 127 S. Ct. at 923 (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance process is not a summons and complaint that initiates adversarial litigation.")).  This is simply not required.  See

Gomez v. Winslow, 177 F. Supp. 2d 977, 978-82 (N.D. Cal. 2001) (rejecting argument that plaintiff had failed to exhaust his three distinct claims of inadequate medical care and finding that all three claims were simply aspects of the inadequate medical treatment plaintiff had notified corrections officials about in his administrative appeals).

Prison officials, including Dr. Traquina who reviewed the second level appeal, clearly understood what plaintiff was complaining about and what relief he was seeking. In each response, prison officials acknowledged plaintiff's complaints regarding his medication, his desire to see a doctor, his need for a special diet and his overriding complaint that he was not receiving adequate medical care for his Crohn's Disease/Ulcerative Colitis. It is the nature of plaintiff's claim, not whether he named particular defendants in his grievance, that is the paramount consideration in the exhaustion analysis. Here, prison officials would not have been anymore aware of the ongoing problems about which plaintiff was complaining had he re-started the grievance process each time he believed he was denied adequate care. In fact, as he pursued his administrative grievance plaintiff consistently asserted with specificity how he was receiving inadequate care. Plaintiff presents those same claims to this court. Accordingly, the court finds that plaintiff properly exhausted his administrative remedies prior to filing suit.[5]

Defense counsel's argument that Dr. Traquina should be dismissed because plaintiff failed to mention the doctor in his administrative appeals, is likewise unpersuasive. As noted, the Supreme Court has specifically rejected a "name-all-defendants" rule, holding that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones, 127 S. Ct. at 923. The Court explained that nothing in the PLRA requires that the plaintiff name all of the defendants during the grievance process. Id. at 922. The Court noted that the PLRA only requires exhaustion of "such remedies as are available" and

---

[5] Defendant's failure to exhaust argument might be more persuasive were plaintiff alleging a number of unrelated claims, such as a medical care claim along with a failure to protect claim. See Gomez v. Winslow, 177 F. Supp. 2d 977, 983 n.3 (N.D. Cal. 2001). That is not the case since plaintiff has alleged only a claim for inadequate medical care.

explained that "[n]othing in the MDOC [Michigan Department of Corrections] policy itself supports the conclusion that the grievance process was improperly invoked simply because an individual later named as a defendant was not named at the first step of the grievance process." Id. The Court observed that, at the time the prisoners had filed their grievances, the Michigan Department of Corrections policy only told prisoners to "be as specific as possible." Id. at 922.

California state prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The language of the regulation is included in the first sentence on the standard inmate appeal form: "You may appeal any policy, action or decision which has a significant adverse affect [sic] upon you." The form merely instructs the inmate to "Describe Problem" and state the "Action Requested." If the prisoner proceeds to the second level after receiving a response at the first level, he is required only to explain why he is dissatisfied with the response he received. At the third level, he is required only to "add data or reasons for requesting a Director's Level Review." Nowhere does the form instruct prisoners as to who must be named in the grievance, and this court is prohibited from imposing such a prerequisite to proper exhaustion. Jones, 127 S. Ct. at 923; Lewis v. Mitchell, 416 F. Supp. 2d 935, 941-42 (S.D. Cal. 2005) (holding that the CDC 602 appeal form does not require a prisoner to name or identify specific prison officials).

As noted, the defendant bears the burden of raising and proving the affirmative defense of failure to exhaust administrative remedies. Jones, 127 S. Ct. at 921; Wyatt, 315 F.3d at 1117-19 & nn.9 & 13. Defendant Dr. Traquina has not carried that burden in this case and therefore, his motion to dismiss should be denied.[6]

---

[6] To the extent defense counsel raises a new argument in his reply challenging whether plaintiff's claim against Dr. Traquina is cognizable, the court declines to address it because plaintiff has not had an opportunity to respond. E.D. Cal. Local Rule 78-230(m) (allowing for a motion, opposition, and reply); see also Eberle v. City of Anaheim, 901 F.2d 814 (9th Cir. 1990) (the general rule is that parties may not raise a new issue for the first time in their reply brief). If defendant wishes to pursue his argument that plaintiff has failed to state a cognizable claim

**CONCLUSION**

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant Traquina's February 15, 2008 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole0934.57

---

against him, he should file a new motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the court notes that this new argument appears to be predicated on the notion that plaintiff has asserted a claim based solely upon Dr. Traquina's involvement in reviewing his administrative appeal. The court has interpreted the amended complaint as alleging that Dr. Traquina deliberately delayed the delivery of necessary treatment to plaintiff by, among other things, falsely reporting that plaintiff had received treatment when he had not. Whether plaintiff's allegations in this regard are supported by the evidence, of course, has yet to be determined.