IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW CALVIN COLEY,

      Plaintiff,                       No. CIV S-07-0934 GEB DAD P

      vs.

DR. CASSIM, et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On July 3, 2008, the assigned district judge in this case adopted the undersigned's findings and recommendations and denied defendant Traquina's motion to dismiss. On August 11, 2008, plaintiff filed what appears to be a copy of his amended complaint, the operative pleading in this matter. Plaintiff also filed a motion for appointment of counsel.

        First, it is not clear why plaintiff filed a copy of his previously filed amended complaint. The declaration and proof of service attached to plaintiff's filing suggest that he sought to mail to defense counsel and the court "A Reply to Defendants Request for Documents Set One." To the extent plaintiff is responding to discovery, he is advised that neither discovery requests served on an opposing party nor that party's responses should be filed with the court

1

until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests and responses between the parties shall not be filed with the court unless, and until, they are at issue.

With respect to his renewed request for appointment of counsel, as the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 11, 2008 amended complaint (Doc. No. 30), which appears to be a response to a discovery request, will be placed in the court file and disregarded. Plaintiff is cautioned that further filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed; and

/////

/////

/////

2. Plaintiff's August 11, 2008 motion for appointment of counsel (Doc. No. 31) is denied.

DATED: September 3, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole0934.411