UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | | |
|---|---|---|
| ANDREW CALVIN COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-CV-934-PMP-GWF |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| D.K. SISTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the Court are Plaintiff Andrew Calvin Coley's:

1. Motion for Temporary Restraining Order (Doc. #107), filed on December 1, 2011;

2. Amended Motion for Temporary Restraining Order (Doc. #109), filed on February 16, 2012;

3. Amended Motion for Temporary Restraining Order (Doc. #110), filed on February 21, 2012;

4. Amended Motion for Temporary Restraining Order (Doc. #119), filed on March 30, 2012;

5. Amended Motion for Temporary Restraining Order (Doc. #120), filed April 9, 2012.

Also before the Court is Plaintiff's Motion for Default Judgment (Doc. #117), filed on March 22, 2012. On February 23 and 27, 2012, the Court ordered Defendants to file responses to Docs. #107, 109, and 110 by March 12, 2012 (Docs. #111, 114). Defendant Dr. Cassim filed a Response (Doc. #115) on March 12, 2012. Defendant Dr.

Traquina filed a Response (Doc. #116) on March 12, 2012.  On March 18, 2012, Plaintiff filed a Motion for Default Judgment (Doc. #117).

The purpose of a temporary restraining order or preliminary injunction is to "preserve rights pending resolution of the merits of the case by the trial." E. & J. Gallo Winery v. Adina Licores S.A., 446 F.3d 984, 990 (9th Cir. 2006) (citation omitted).  To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors plaintiff, and (4) an injunction is in the public interest.  Winters v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Here, there is no pending trial and thus no rights to preserve pending resolution on the merits.  On December 12, 2007, the Court held that Plaintiff had cognizable claims against Defendants Dr. Cassim and Dr. Traquina only.  (Order (Doc. #17).)  On May 28, 2009, the Court granted summary judgment in favor of Defendant Dr. Traquina.  (Order (Doc. #69).)  On August 24, 2009, the Court granted summary judgment in favor of Defendant Dr. Cassim. (Order (Doc. #94).)  Plaintiff's appeal before the Ninth Circuit Court of Appeals is pending (Case No. 09-17114).  Because this case is closed, a temporary restraining order is not an available remedy for Plaintiff.  Moreover, a temporary restraining order is inappropriate in this action because Plaintiff alleges new unconstitutional conduct against new defendants who are not named in any complaint in this action, and Plaintiff has failed to demonstrate that he has exhausted all administrative remedies.  42 U.S.C. § 1997e(a).  Even if a temporary restraining order was an available remedy for Plaintiff, Plaintiff's requests regarding incidents that occurred at California State Prison-Los Angles County and California State Prison-Solano are moot because Plaintiff was transferred to Pleasant Valley State Prison on January 13, 2012.  (Pl.'s Mot. for Temporary Restraining Order (Doc. #119) at 2.)  There can be no likelihood of irreparable harm if Plaintiff is no longer subject to harm by those defendants.

1  IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary
2 Restraining Order (Doc. #107), Amended Motion for Temporary Restraining Order (Doc.
3 #109), Amended Motion for Temporary Restraining Order (Doc. #110), Amended Motion
4 for Temporary Restraining Order (Doc. #119), and Amended Motion for Temporary
5 Restraining Order (Doc. #120) are hereby DENIED.
6  IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc.
7 #117) is hereby DENIED as moot.

9 DATED: April 16, 2012

10 _____
11 PHILIP M. PRO
   United States District Judge